UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WESTERN WORLD INSURANCE
COMPANY,

    *Plaintiff,*

v.

THE ESTATE OF SHAWN ARSENAULT,

    *Defendant.*

No. 25-cv-13413-PGL

## ORDER GRANTING PRELIMINARY RELIEF

LEVENSON, U.S.M.J.

### INTRODUCTION

    This is an admiralty case in which a marine insurer seeks a declaratory judgment regarding disposition of the proceeds of a hull insurance policy following the wreck of the insured vessel and the death of the insured owner.

    Before the Court is an ex parte Emergency Motion to Preserve Hull Insurance Proceeds Pending Probate Proceedings by Western World Insurance Company ("Plaintiff") seeking leave to: (i) permit Plaintiff's counsel to obtain and hold the hull insurance proceeds in an Interest On Lawyers' Trust Account ("IOLTA") in trust for the Estate of Shawn Arsenault (the "Estate"), (ii) authorize Plaintiff's counsel to apply an offset of $1,701 against the hull insurance proceeds for a claimed unpaid premium, and (iii) authorize Plaintiff to dispose of a shipwrecked vessel in order to curtail the ongoing accrual of storage fees. The last of these requests is the most urgent and involves the most substantial interests.

Plaintiff supports the motion with two affidavits: that of Mr. Arsenault's eldest daughter, Melissa Arsenault (Docket No. 4-1), and that of an insurance broker, Timothy Stanton, who served as an intermediary between Mr. Arsenault and Plaintiff in the placement of the insurance policy (Docket No. 4-2). Plaintiff informs the Court in its ex parte motion that no personal representative has yet been named for the Estate, which is the named Defendant in this case. Docket No. 4 at 1.

In the meantime, Plaintiff informs the Court, storage fees are accumulating for the wrecked vessel. In a brief ex parte hearing on December 16, 2025, counsel for Plaintiff informed the Court that these fees amount to tens of thousands of dollars and are growing daily, while the hull itself does not appear to have any significant salvage value. *See* Docket No. 7.

No one has appeared, or—apparently—been served for Defendant. In her affidavit, Melissa Arsenault represents that she intends to petition to be named personal representative for the Estate. Docket No. 4-1 ¶ 7. At the hearing on this matter, Plaintiff had no additional information regarding a possible time frame for appointment of an executor for the estate.

I.    **Background**

The record in the instant case consists of the complaint, Docket No. 1 ("Complaint"), and the motion, Docket No. 4 ("Emergency Motion") supported by the two affidavits mentioned above.

According to the record, on June 8, 2025, the F/V Seahorse (the "Vessel"), a thirty-foot commercial dragger, sank off the coast of Cape Cod, Massachusetts, causing the death of the ship's owner and operator, Shawn Arsenault. Complaint at 2.

Mr. Arsenault is the named assured on a marine insurance policy on the Vessel, issued by Plaintiff. *Id.* As no probate court has yet named a personal representative of Mr. Arsenault's estate, Plaintiff has been unable to determine the payee of the hull insurance proceeds. *Id.* at 3.

Melissa Arsenault intends to petition a probate court to name her as a personal representative for her father's estate, but she has not yet done so. Docket No. 4-1 ¶ 7.

Plaintiff's interests paid for the recovery and removal of the wrecked Vessel, which was deemed a total constructive loss. Complaint at 2–3. Plaintiff has determined that the loss of the Vessel is within the scope of coverage. *Id.* at 3. The wrecked Vessel is currently in the possession of a salvage company, where it is incurring storage fees. *Id.*

## II.     Legal Standard

Plaintiff invokes the Court's subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1333, which give federal courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331) and "original jurisdiction" over "[a]ny civil case of admiralty or maritime jurisdiction. . . ." (28 U.S.C. § 1333(1)). Complaint at 1.

## III.    Analysis

Plaintiff's Emergency Motion asserts that it seeks to reduce the cost of the Vessel storage. At the ex parte hearing on December 16, 2025, Plaintiff's counsel indicated that the storage costs will not come out of the $50,000 insurance proceeds, but that the sums involved are considerable and that the hull has no significant salvage value. I address each of the three areas in which Plaintiff requests preliminary relief in turn.

### A.    *Hull Insurance Proceeds*

Plaintiff asserts that "[u]ntil such time as Western World is able to have its rights and responsibilities under the Policy adjudicated (namely, to determine the proper payee under the aforesaid Hull Policy) Western World will suffer uncertainty with regard to its responsibilities and obligations under the terms of the Policy." In its motion, Plaintiff asserts that "allowing counsel to hold the hull insurance proceeds in trust for the decedent's estate" will allow Plaintiff

3

to "assume control over and dispose of the wrecked Vessel, terminating ongoing storage fees." Emergency Motion at 1.

I conclude that, as officers of the court, counsel for Plaintiff may appropriately serve as temporary custodians of the funds and that they will effectuate distribution to the rightful recipient of the funds, at such time as the Court is able to make that determination. Releasing the insurance proceeds to the IOLTA account of Plaintiff's counsel will reasonably assure that those proceeds are intact and available at such time as the Court is ready to determine the correct payee for those proceeds.

### B.   *Unpaid Premium Deduction*

Unlike the pressing need to stanch the ongoing accrual of storage fees, sorting out the possible deductions from the policy proceeds to cover a premium does not appear particularly urgent. Although Plaintiff alleges that Mr. Arsenault owes $1,701 in outstanding premium, the Court has not seen a record of such overdue premium, nor found a statement as to the amount of any overdue premium in the Affidavit of Insurance Broker Timothy Stanton. Docket No. 4-1. It appears that any obligation to pay an outstanding premium could be addressed after a personal representative for the estate has been appointed and served. With the policy proceeds secured in the IOLTA account of Plaintiff's counsel, there is no serious risk that the monies will be lost or diverted. For this reason, I DENY Plaintiff's request for leave to deduct $1,701 from the hull insurance proceeds at this time.

### C.   *Disposing of the Vessel*

Plaintiff contends that the Vessel, in possession of the salvage company who recovered it, is incurring storage fees. Were it not for the death of the insured and the absence of an appointed representative for his estate, Plaintiff represents that it would normally pay the claim for the loss, take ownership, and properly dispose of the Vessel. Having heard from Plaintiff on questions of

the value of the wreck and the amount of fees incurred, it seems likely that further delaying this matter while waiting for appointment of an estate representative will result in needless waste.

## CONCLUSION

For the forgoing reasons, the motion is ALLOWED in part (as to requests (1) and (3)) and DENIED in part (as to request (2)).

Plaintiff's counsel, Holbrook & Murphy, shall temporarily take custody of any insurance proceeds and hold such proceeds in escrow in counsel's IOLTA for the benefit of the rightful recipient.

Plaintiff is permitted to dispose of the Vessel, pursuant to the Policy's warranties, exclusions, terms, and conditions.

SO ORDERED.

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: December 17, 2025